## Ex parte RONCHI.

### (District Court, S. D. New York. September 5, 1908.)

EXTRADITION—INTERNATIONAL—GROUNDS—EMBEZZLEMENT AS PUBLIC OFFICER.

To warrant the extradition of a person to Italy under section 7, art. 2, of the treaty of March 23, 1868, with that country (15 Stat. 630), which provides for the extradition of persons charged with "the embezzlement of public moneys committed within the jurisdiction of either party by public officers or depositors," where the accused was charged with having as treasurer of a hospital embezzled its funds, the proof must show that the hospital was a public institution, that the accused, as its treasurer, was a public officer or depositor, and that the money taken was public money.

[Ed. Note.—Scope of review on habeas corpus to procure release of person sought to be extradited, see note to Bruce v. Rayner, 62 C. C. A. 506.]

Habeas Corpus and Certiorari.

Pratt, Koehler & Russell (Addison S. Pratt, of counsel), for prisoner.

Gino C. Speranza, for the Italian government.

HOLT, District Judge. These are writs of habeas corpus and certiorari to test the validity of the detention of Arturo Ronchi by the United States marshal under a warrant of commitment issued by a United States commissioner in extradition proceedings. The warrant was issued upon the complaint of the Italian vice consul at New York, which charged that Ronchi had been guilty of forgery and embezzlement in Italy. A hearing has been had before the commissioner, who has rendered a decision dismissing the charge of forgery, but holding that the prisoner should be extradited under the charge of embezzlement. The question upon this proceeding is whether the evidence before the commissioner was sufficient to sustain a charge of the kind of embezzlement which is made an extraditable offense by the treaty between Italy and this country.

Article 2 of the Italian treaty of March 23, 1868, as amended January 21, 1869, provides for the extradition of persons charged with:

"7. The embezzlement of public moneys committed within the jurisdiction of either party by public officers or depositors." 15 Stat. 630.

"8. Embezzlement by any person or persons hired or salaried, to the detriment of their employers, when these crimes are subject to infamous punishment according to the laws of the United States, and criminal punishment according to the laws of Italy." 16 Stat. 767.

These provisions provide for the extradition of two classes of embezzlers: Embezzlement of public money by public officers, and embezzlement by any person hired or salaried—that is, by clerks, employés, servants, etc. The embezzlement of private money by private persons not hired or salaried, as, for instance, by trustees, bailees, agents., etc., is not covered by the treaty. Embezzlement itself is not a common-law crime, but is purely a statutory offense; and in any ordinary prosecution for embezzlement a case must be charged and proved precisely within the statute. So in extradition treaties it

is common to provide for extradition only in certain kinds of embezzlement, and in such a case the charge must allege, and the proof must affirmatively establish, that the prisoner has committed one of the kinds of embezzlement which makes him the subject of extradition under the treaty. The complaint of the consul, on which the warrant was issued, charges:

"That Arturo Ronchi, at or near Naples in the Kingdom of Italy, heretofore and on or about the 17th day of January, 1908, committed the crime of embezzlement, in having, at said time and place, as a public officer and as treasurer of the Philanthropic Institution Ravaschieri, a public institution, unlawfully appropriated to his own use large sums of money from said institution."

This is the sole charge of embezzlement contained in the complaint, and in my opinion this is a charge of an offense under section 7 of article 2 of the treaty relating to the embezzlement of public moneys by public officers, and not under section 8. The proof shows that Ronchi was the clerk and treasurer of the Hospital Ravaschieri, a hospital for cripples at Naples, founded by the Countess Ravaschieri; that he obtained the sum of 12,000 lire, the property of the hospital, by presenting a certificate of credit, upon which some of the signatures were forged; and that he confessed to the officers who arrested him that he had loaned from the hospital funds from 10,000 to 20,-000 lire to personal friends, and, when he found that they could not repay the sums loaned, he had taken more of the hospital funds, amounting in all to about 80,000 lire, and had come to this country. There is no proof in the case that the Hospital Ravaschieri was a public institution, that its moneys were public moneys, or that Ronchi, in his capacity as clerk or treasurer, was a public officer or depositor. So far as the proof shows, this hospital, like many others, may be an exclusively private institution, maintained by private moneys, the officers of which are private persons. I think, therefore, that the proof in this case is fatally defective.

As the offense proved, however, is a serious one, which ought, so far as is shown by the evidence before me, to be criminally punished if the law permits it, I think that, if the representatives of the Italian government request it, the prisoner should be held under remand, in order to permit the necessary proof to be obtained. If, in fact, the Hospital Ravaschieri is a public institution, and its funds public moneys, and its officers public officers, or if it is a private institution, and Ronchi was a hired or salaried officer of it, he can be extradited, if such facts are properly charged and proved. But if it is a private institution, and Ronchi served it as an officer without pay, I do not think his case comes within the provisions of the treaty.

The prisoner is remanded until September 14th, with leave to the representatives of the Italian government to apply to the commissioner for further time, if they determine to take further proceedings and more time shall then appear to be necessary.